FIDELITY INSURANCE, TRUST & SAFE-DEPOSIT CO. et al. v.
DICKSON.

(Circuit Court of Appeals, Seventh Circuit. February 12, 1897.)

No. 364.

1. APPEALABLE DECREES—INTERLOCUTORY ORDERS—INJUNCTION.
    The assembling of a prayer for an unnecessary injunction with a prayer for modification of a decree or order will not warrant a review of the decree or order, when a direct appeal therefrom is unauthorized by law.

2. SAME.
    Whether an appeal lies from an order dismissing, without prejudice, an application for an injunction, quære.

Appeal from the Circuit Court of the United States for the Southern District of Illinois.

The Fidelity Insurance, Trust & Safe-Deposit Company, one of the appellants, on January 2, 1894, filed its bill in the circuit court of the United States for the Southern district of Illinois against the Litchfield, Carrollton & Western Railroad Company for the foreclosure of a trust deed or mortgage upon its railway, issued to it as trustee to secure bonds to the amount of $516,000, charging default on July 1, 1893, in payment of interest, asserting the insolvency of the railroad company, and asking for the appointment of a receiver. In compliance with the prayer of the bill, the court, on May 8, 1894, appointed C. H. Bosworth receiver, who duly qualified and entered upon the discharge of his duties. On the 4th day of September, 1894, upon the petition of the receiver, the trustee and the bondholders appearing and not opposing, a decree was entered authorizing the issue of receiver's certificates to an amount not exceeding in the aggregate the sum of $125,000, which should be a first lien on the corpus of the mortgaged property, and entitled to priority of payment. The receiver was authorized to negotiate the certificates, or so many of them as should be necessary for the purposes authorized, at not less than 95 per cent. of their par value net to the receiver; and out of the proceeds to apply $48,000 to the repair of the railway in the respects specified in the decree, $12,000 to the payment of unpaid taxes and wages, as specified, and $15,000 to the payment of obligations incurred or to be incurred by the receiver for other supplies, materials, repairs, and betterments indispensably necessary. The decree limited the expenditure at that time to the sum of $75,000, reserving the right to authorize the issuance of the balance of the certificates of like date, and lien for the payment of other past-due claims for taxes, labor, and materials from time to time as the same should appear to be equitable. On February 4, 1896, upon the application of certain bondholders, other bondholders and the complainant appearing, the cause was ordered to be speeded, and, it appearing to the court that the physical condition of the property and railway was bad, and that no provision had been made by the bondholders for funds wherewith to repair the road, and that the receiver had been unable to market the certificates theretofore authorized at the price designated

in the decree of September 4, 1894, it was directed that the receiver have leave in his discretion to sell the receiver's certificates so authorized at not less than 90 per cent. of their par value, and also to apply all surplus earnings of the road above current operating expenses to necessary repairs and betterments. The receiver disposed of $28,000 in amount of these certificates, and on the 28th of April, 1896, reported to the court his inability to sell any more of them, and suggested his resignation if one could be found who would be able to dispose of the unsold certificates. Thereupon the court appointed Joseph Dickson, the appellee, receiver of the road. This, it is said, was done upon the suggestion of one Nelson that he would purchase the remaining $97,000 of certificates at 90 per cent. of their face value in the event of the appointment of Mr. Dickson. This appointment was made, it is said, against the protest of the bondholders, the stockholders, and the principal creditors of the road. The district judge, who, in the absence of the circuit judges, had made all these decrees, was absent from his district from and after May 8, 1896, and until after the entry of the decree or order of May 25, 1896, hereinafter mentioned, and from which the present appeal is taken. On the 23d day of May, 1896, the railroad company and the trustee, the appellants, filed their several petitions in the court below setting forth the history of the suit; charging certain facts tending to show that Mr. Dickson, as receiver, would represent conflicting interests, and was, therefore, not a proper person to hold the position; that the railway had been put in a fairly safe and operative condition; and that, as a decree of sale was to be expected at an early date, there was no immediate necessity for the issuance of further certificates under the order of September 4, 1894; and praying, in substance, that the order of April 28, 1896, appointing Joseph Dickson as receiver of the railroad, may be vacated and set aside, and that the order authorizing the issuance of receiver's certificates should be vacated or modified so as to prohibit the further issuance of receiver's certificates thereunder; and also praying that Dickson might be enjoined and restrained from receiving, taking, or managing the railroad, that Bosworth and Dickson might be enjoined and restrained from selling the receiver's certificates, and that Nelson, who had proposed to purchase the certificates, might be enjoined and restrained from purchasing the same, or any part thereof. This petition came on to be heard on the 25th day of May, 1896, before one of the circuit judges in the absence of the district judge, and the following order was thereupon entered: "On this day came on to be heard the petition filed herein on May 23, 1896, by said defendant, and, after hearing on the petition and argument of counsel, the court ordered that said petition be dismissed without prejudice." From that decree or order the railroad company and the trustee, complainant, appealed to this court.

Bluford Wilson, for appellants.

William Burry, for appellee.

Before WOODS and JENKINS, Circuit Judges.

JENKINS, Circuit Judge, after this statement of the facts, delivered the opinion of the court.

This appeal cannot be sustained. If it be assumed that the action of the circuit court, in appointing a receiver, or in the issuance of receiver's certificates, can, under any circumstances, be reviewed in this court, it is sufficient to say that the decrees or orders in that respect are not appealed from. The appellants, apparently concluding that such decrees or orders could directly be brought here for review only by appeal from the final decree in the foreclosure suit, seek by indirection to obtain their review by moving to vacate or modify them, coupling with their demand in that regard a prayer that the receiver sought to be removed from office might be restrained from continuing the management of the railway, and that he and the former receiver might be restrained from selling the receiver's certificates; and that Nelson, the proposing pur-

chaser, who was not, and was not sought to be, made a party to the suit, should be restrained from purchasing them. It is said that because such an injunction was asked and denied, although without prejudice, the decrees or orders are now before us for review by virtue of the statute allowing an appeal from an order denying an interlocutory injunction. If the decrees or orders in question had been vacated or modified as desired, no injunction would have been necessary. The removal of the receiver would have taken from him all authority in the management of the railroad. The modification of the order for the issuance of the receiver's certificates, limiting the issuing of them to those already marketed, would withdraw from the receiver all power to issue, and, if issued in defiance of the modifying order, the certificates would be inoperative to create any incumbrance upon the mortgaged estate or its revenues. Besides this, there was no suggestion in the petition that either Bosworth, who had resigned as receiver, and whose resignation had been accepted, or Dickson, the present receiver, had ever threatened or proposed to issue certificates otherwise than as directed by the court. It was also quite unnecessary and unwarranted to enjoin one not a party to the suit, and not sought to be made a party, from purchasing certificates which, if unauthorized by the court, would be but so much waste paper, so far as the mortgaged estate is concerned. The prayer for an injunction was not germane, is manifestly pretentious merely, and injected into the prayer of the petition without an allegation to sustain it, for the purpose, in case the decrees or orders should not be vacated or modified as desired, of seeking a review here of the decrees or orders from which no direct appeal will lie. The assembling of a prayer for an unnecessary injunction with a prayer for modification of a decree or order will not warrant a review of the decree or order when a direct appeal therefrom is unauthorized by law, even if we assume that an appeal from an order dismissing without prejudice an application for an injunction will lie. It is undoubtedly true that in general a decree dismissing a bill without prejudice is not appealable, and this because a decree is not final for the purposes of an appeal unless it terminates the litigation between the parties upon the merits (St. Louis, I. M. & S. R. Co. v. Southern Exp. Co., 108 U. S. 24, 2 Sup. Ct. 6), and it can scarcely be truthfully said that a decree dismissing an appeal without prejudice purports to pass upon the merits of the bill. Whether, under the statute authorizing an appeal to the circuit courts of appeals from an order denying an interlocutory injunction, an order denying without prejudice an application for such writ of injunction would be appealable, we do not now decide. The appeal will be dismissed.