AMERICAN TRUST & SAVINGS BANK v. FARMERS' LOAN & TRUST CO.

(Circuit Court of Appeals, Seventh Circuit. July 17, 1897.)

No. 384.

INJUNCTION—APPEAL FROM INTERLOCUTORY ORDER.

No appeal lies from an order denying a motion to restrain plaintiff from prosecuting a suit to foreclose a mortgage pending the determination of a cross bill, the cross bill, as filed, containing no prayer for an injunction, and an effort made to amend the prayer being "manifestly pretentious," in view of the fact that the prayer was not germane to the bill, and that there

was no conceivable necessity for an injunction, as there could not be a final decree on the principal bill until the merits of the cross bill had been determined.

Appeal from the Circuit Court of the United States for the Northern District of Illinois.

This appeal, it is contended, is from an interlocutory order denying a motion for an injunction. The Farmers' Loan & Trust Company, the appellee, and the American Trust & Savings Bank, the appellant, were made co-trustees of a mortgage or trust deed executed by the Lake Street Elevated Railroad Company. On January 30, 1896, the appellee filed its bill in the court below to foreclose the mortgage, making defendants thereto the mortgagor the Union Elevated Railroad Company, the Northwestern Elevated Railroad Company, and the West Chicago Street-Railroad Company. By an amended bill, filed March 16, 1896, the appellant was made a party defendant. On the same day that this suit was commenced, but half an hour later, the mortgagor, the Lake Street Elevated Railroad Company, filed in the superior court of Cook county, Ill., its bill against the appellee and the appellant herein, and the Northwestern Trust Company, whereby it sought the removal of the appellee as trustee, and an injunction against bringing or prosecuting any suit to foreclose the mortgage. The steps taken for the removal of that cause to the court below and the proceedings had in that court and in this court on appeal are shown in our opinion in Lake St. El. R. Co. v. Farmers' L. & T. Co., 46 U. S. App. 630, 23 C. C. A. 448, 77 Fed. 769. Notwithstanding the rulings of the circuit court refusing to remand the case, and dissolving the temporary injunction issued by the superior court, the latter court continued to assert jurisdiction, and on June 4, 1896, entered a final decree, whereby, in accordance with the prayer of the bill, the appellee was ordered removed from its position as trustee, and enjoined from further acting in that capacity, and from prosecuting any bill to foreclose the mortgage. Before that decree was rendered the appellant had answered to the merits in this suit, and, in order to avail itself of the decree as new matter, on December 28, 1896, it filed in the cause, by leave of court, a cross bill in the nature of a plea puis darrein continuance, setting up the decree as a bar to the further prosecution of the bill herein. The prayer of this cross bill was, in substance, that the decree of the superior court be declared to be a bar to further proceedings, that the amended bill herein be forthwith ordered to be dismissed, and that other proper relief be granted. An injunction was not asked. The appellee answered the cross bill, setting up the proceedings for the removal of the cause, and alleging, among other things, that after the refusal of the circuit court to remand the cause the case was forced to an immediate hearing in the state court, and that from the decree rendered by that court an appeal had been taken and was pending. Thereafter, on January 4, 1897, the appellant asked leave, which was denied, to amend its cross bill by inserting a prayer "that the said Farmers' Loan & Trust Company, its attorneys and agents, may be enjoined and restrained, until final determination of this cross bill, from further prosecuting or maintaining the bill of complaint herein as amended, and that upon final decree herein such injunction may be made perpetual." On the same day it filed its replication to the answer of the appellee to the cross bill, and moved the court in writing for an order restraining the appellee "from prosecuting the amended bill of complaint herein, pending the determination of the cross bill of complaint herein of said the American Trust & Savings Bank, trustee." From the order of the court denying this motion the appeal is prosecuted.

Thomas A. Moran and Levy Mayer, for appellant.

William Burry, John J. Herrick, and Horace H. Martin, for appellee.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge, after making the foregoing statement, delivered the opinion of the court.

The questions arising out of the conflicting assertions of jurisdiction by the national and state courts, which have been argued at great

length, we do not find it necessary, or within our rightful power, to decide. While under the rule of equity pleading it was proper, and perhaps necessary, that the appellant, in order to avail itself of the decree of the superior court as a bar, if it be a bar, to the further prosecution of the suit to foreclose, should set it up by a cross bill (Story, Eq. Pl. § 393), the pleading, it is conceded, was in the nature of a plea puis darrein continuance; and, having been pleaded in bar, if it did not, like a plea puis at law, constitute a waiver of other pleas or answers, it was necessary that it should be disposed of together with or in the same manner as the answer theretofore filed, before a final decree in the case could be entered. Until the merits of the cross bill as an alleged bar to the prosecution had been determined there could not properly be a final decree upon the principal bill, any more than there could be such a decree without disposing of an answer in bar. There was, therefore, no conceivable necessity for an injunction against proceeding to a decree in the main case or on the principal bill. In fact this cross bill made no new, subordinate, or collateral case, which could be carried to a separate conclusion, for the obtaining of which it might be important that there should be a suspension or stay of proceedings on the original bill. It is, of course, conceded, as in Smith v. Iron Works, 165 U. S. 518, 17 Sup. Ct. 407, the supreme court has decided, that the right of appeal from interlocutory orders granting or refusing injunctions, conferred by the acts of March 3, 1891 and February 18, 1895, is to be interpreted liberally, but there is no necessity for going, and there could be no propriety in going, the length necessary to sustain this appeal. The cross bill, as filed, contained no prayer for an injunction, and the effort made to amend the prayer would seem to have been an afterthought, not germane to the bill, and as "manifestly pretentious" as the like prayer which was condemned by this court in Safe-Deposit Co. v. Dickson, 24 C. C. A. 60, 78 Fed. 205. The appeal is therefore dismissed.