### UNITED STATES v. KOVICH.
#### No. 10701.

United States Court of Appeals
Seventh Circuit.
Jan. 27, 1953.

John T. Jones, and Kimball Smith, Chicago, Ill., for appellant.

Ed Dupree, Gen. Counsel, and William A. Moran, Atty., Office of Rent Stabilization, Washington, D. C., A. M. Edwards, Asst. Gen. Counsel, and Nathan Siegel, Solicitor, Washington, D. C., for appellee.

Before MAJOR, Chief Judge, and DUFFY and LINDLEY, Circuit Judges.

LINDLEY, Circuit Judge.

The United States filed its complaint in the District Court against Anna Kovich, the defendant, landlord of a certain apartment rented to Mr. and Mrs. Severson, seeking to enjoin defendant from removing or evicting the tenants, diminishing any service to them, interfering with their possession, attempting to evict them illegally, demanding rent in excess of the maximum rental and pursuing any course of conduct leading to evasion of the Housing and Rent Act of 1947 as amended, 50 U.S.C.A.Appendix, § 1881 et seq., and the regulations issued thereunder. The court, after hearing the evidence, on January 22, 1952, entered an order effective as of January 8, 1952, granting the relief prayed and, in addition, directing that defendant restore to the tenants their "personal property" without defining, describing or itemizing same, by January 9, 1952, 13 days before the order was entered.

Subsequently on February 4, 1952, plaintiff filed a motion to declare defendant in contempt of court for failure to return the "personal property" as directed. At the same time, defendant filed a cross motion for rehearing. The court evidently believed that the cross motion was unnecessary, because it announced that it would review the matter and, after consideration of the briefs filed, issue such further order as it deemed proper at that time. On June 5, 1952 the court entered an order in which it directed the defendant to return the personal property within five days.

Defendant appealed from the order of January 8 and from the later one of June 5, contending that there is no evidence to support an order to surrender personal property, and that the order is so uncertain as to be void. Plaintiff asserts in reply that the appeal from the order of January 8, 1952 was not within the time limited by the statute; that the order of June 5 is not an appealable order, and, in the alternative, if the court entertains the appeal, that the order should be affirmed.

In view of our conclusions we see no necessity of determining whether the appeal has been properly perfected from the order

472

of January 8, for the action sought to be reviewed at this time is not the original order, but that of June 5, 1952, which directed the defendant to surrender the property within five days of that date. The appeal from that order has been perfected. The only question concerning it is whether it is appealable.

 The order of June 5 was, we think, in its very essence, a mandatory injunction by virtue of which the court commanded the defendant to surrender certain property within five days. In its essence, this was a mandatory injunction and whether it is appealable, depends upon the rules controlling appeals from orders granting injunctions. True, it cannot be said that the order is final, because it contemplates further action, in case it is not complied with. It is, in its essence, an interlocutory order of final effect upon defendant, to be followed by an accounting if necessary. In the words of this court, in Red Star Laboratories Co. v. Pabst, 100 F.2d 1 at page 4, the order "was a command unequivocal in its terms, and there is no escape from the conclusion that it was a mandatory injunction." In that case we held such an order appealable under Section 227, Title 28 U.S.C., the predecessor of the present provision Section 1292, Title 28 U.S.C. (1951 App.) The latter section provides that appeals from orders of the district courts "granting, continuing, modifying, refusing or dissolving injunctions" may be taken to the court of appeals. The language in this respect is, in substance, unchanged from that of the earlier act, given full effect in Deckert v. Independence Shares Corp., 311 U.S. 282 at page 287, 61 S.Ct. 229, 85 L.Ed. 189; George v. Victor Co., 293 U.S. 377, 55 S.Ct. 229, 79 L.Ed. 439; and in many decisions in the courts of appeals such as Andrews v. National Co., 7 Cir., 61 F. 782; Loew's Drive-In Theaters v. Park-In Theatres, 1 Cir., 174 F.2d 547, 550; Am. Trust & Savings Bank v. Farmers Loan, etc. Co., 7 Cir., 81 F. 924; Bissell Carpet Sweeper Co. v. Goshen Co., 6 Cir., 72 F. 545; Chicago Dollar Directory Co. v. Chicago Directory Co., 7 Cir., 65 F. 463.

 Decisive of the merits of the controversy before us is the question of whether there is any evidence to sustain the order upon defendant to return the personal property of the tenants. The tenants testified that when they last departed from the premises, they left behind certain personal property; that later, when they returned to the apartment, they found that the property which they had left there was no longer there. This is the only direct evidence to support an order that defendant should surrender the property. No witness ever saw her take any of the property. She, herself, denied emphatically that she had taken any of it. A neighbor of the tenants testified that, in the interim between the leaving and return of the tenants, she saw Mrs. Severson, one of the tenants, removing the personal property from the apartment. Evidently anybody could enter the premises, as the tenants found it possible to enter through a broken window or door, even though they had no key. We do not know but that some interloper removed this property. It is wholly conjectural whether defendant or some third person removed it or whether the tenants, themselves, removed it. In this situation we have no hesitation in concluding that there was no evidence to support an order that the defendant should surrender the property to the tenant. Consequently the order must fail for want of support in evidence.

 We might observe in passing that, even were the order supported by substantial evidence, it is of such uncertain character as to be void. It does not define, specify or describe the property involved. The record, likewise, is devoid of any proof specifying the items of property involved, defining the same or describing them. So far as this record is concerned, we have no knowledge and the master to whom the cause was referred could have no knowledge as to what the property was, and yet the order directed the undefined property surrendered. We conclude that the order was, therefore, void for uncertainty.

For the reasons announced, the judgment is reversed.