### THE EVENING STAR NEWS-PAPER CO.

#### v.

### COLUMBIA TYPOGRAPHICAL UNION NO. 101.

#### Howard D. FRITZ et al.

#### v.

### THE EVENING STAR NEWS-PAPER CO.

Civ. Nos. 2545, 3301.

United States District Court, District of Columbia.

Oct. 6, 1954.

William B. Jones, Washington, D. C., for the motion.

Gerhard P. van Arkel, Washington, D. C., opposed.

HOLTZOFF, District Judge.

In the first of these actions, the defendant interposed a counterclaim seeking enforcement of an arbitration clause in a collective bargaining agreement. The second action seeks the same relief in behalf of an employee and the labor union. The matter comes up on motions to dismiss. The only question presented to the Court for determination on these motions is whether an action lies for the specific performance of an arbitration clause in a collective bargaining agreement under United States Code Annotated, Title 29, Section 185, which is also sometimes referred to as Section 301 of the Taft-Hartley Act. That section provides that:

"Suits for violation of contracts between an employer and a labor organization * * * may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

Counsel urge in support of the motions to dismiss that this provision should be limited to suits for money damages. On its face the unambiguous language of the Act would lead to the contrary conclusion.

Judge Wyzanski, of the United States District Court for the District of Massachusetts, in Textile Workers Union v. American Thread Co., 113 F.Supp. 137, in a detailed and well considered opinion, reached the conclusion that under this section the Federal courts may specifically enforce arbitration clauses in labor contracts. There is no decision to the contrary.

The cases on which the moving party relies involved actions for injunctive relief, in contravention of the Norris-La Guardia Act, 29 U.S.C.A. § 101 et seq., and are, therefore, distinguishable.

The Court is in accord with the views expressed by Judge Wyzanski[1] and,

---

1. After the decision of the case at bar, an opinion of Judge Follmer in the Middle District of Pennsylvania reaching the same result appeared in the advance sheets, Insurance Agents' International Union v. Prudential Ins. Co., D.C., 122 F. Supp. 869.

**324**

therefore, is of the opinion that a claim for specific performance may be asserted by the Columbia Typographical Union. On the other hand, an action by the individual may not be maintained under the Taft-Hartley Act. Consequently the Court will deny the motion as concerns the claims of the Columbia Typographical Union and will grant the motion as to the claim of plaintiff Fritz.

You may submit your orders.