**INDEPENDENT PETROLEUM WORKERS OF NEW JERSEY,**
Appellant,

v.

**ESSO STANDARD OIL COMPANY, a
Delaware Corporation Licensed to do
Business in New Jersey.**

No. 11791.

United States Court of Appeals
Third Circuit.

Argued March 6, 1956.

Decided June 26, 1956.

John J. Bracken, Newark, N. J. (Bracken & Walsh, Newark, N. J., on the brief), for plaintiff-appellant.

William J. Dill, Jr., Newark, N. J. (Stryker, Tams & Horner, Newark, N. J., on the brief), for defendant-appellee.

Before GOODRICH, KALODNER and STALEY, Circuit Judges.

KALODNER, Circuit Judge.

Does a federal district court have jurisdiction, under Section 301 of the Labor Management Relations Act of 1947 (Taft-Hartley Act)[1] to decree specific performance of a provision in a collective bargaining agreement between a union and an employer which requires them, when a new job classification is established, to negotiate on the salary rate for such classification?

That is the primary issue presented in this appeal by the plaintiff union from an Order of the United States District Court for the District of New Jersey dismissing, for want of jurisdiction, Count 1 of its Complaint against the defendant employer seeking specific performance as above stated. The defendant's alleged refusal to negotiate, the District Court held, was "a refusal to bargain collectively and an unfair labor practice within the meaning of Section 101 of the National Labor Relations Act" and, accordingly, "the dispute and the parties thereto are subject to the exclusive jurisdiction of the National Labor Relations Board."

The District Court denied the defendant's motion to dismiss Count 2 in the Complaint which demanded money damages for the alleged breach of contract.

In doing so it held that it "has jurisdiction of the subject matter of the second count which states a claim for damages."

The plaintiff is an unincorporated labor organization certified by the National Labor Relations Board as the collective bargaining agent of certain of defendant's employees. The defendant is a Delaware corporation engaged in industry affecting interstate commerce.

Plaintiff and defendant entered into a collective bargaining agreement on February 15, 1952. On November 10, 1954, they amended their contract by changing Article V, Section II to read as follows:

"If the Company establishes a new job classification, or if either party proposes a change in the salary, for any step, in any job classification listed on the Automatic Progression Schedules, negotiations on the salary shall be conducted between the Company and a Union Salary Rate Committee consisting of not more than seven (7) members (including the President and Recording Secretary).

"In this negotiation, if either party proposes a specific salary, the other party shall accept or reject the proposal within sixty (60) calendar days.

"Any change in the Automatic Progression Schedules shall become effective as of the date on which the Company and the Union agree to the change."

Plaintiff's Amended Complaint contains the following allegations: In July, 1953, the defendant added certain procedures to the job descriptions sheets defining the duties of its laboratory technicians; at various times between July, 1953 and December, 1954, the parties discussed the problem of pay rates for the expanded job; on December 2, 1954, plaintiff presented a proposal for new

1. 61 Stat. 156, 29 U.S.C.A. § 185. Section 301 provides as follows: "(a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

pay rates; on January 28 and February 11, 1955, meetings of the parties were held at which the plaintiff elaborated on its new pay rate proposals; at all three of these meetings specific salary proposals as defined in Section II of the contract were made by the plaintiff; despite the passage of 60 days and more the defendant failed and refused to give the answer called for in Section II of the contract.

The contentions of the parties may be stated as follows:

Plaintiff:

Section 301 of the Taft-Hartley Act confers jurisdiction on federal district courts to compel specific performance where there is a breach of a collective bargaining contract.

Defendant:

The Taft-Hartley Act does not confer jurisdiction on federal district courts to grant equitable relief; Section 4 of the Norris-LaGuardia Act[2] has withdrawn the jurisdiction of federal courts to grant injunctions in any case involving or growing out of a labor dispute and the Taft-Hartley Act did not provide otherwise; the National Labor Board has exclusive jurisdiction in this case because it involved a refusal to bargain.

We are of the opinion that the view of the plaintiff is the correct one and that the District Court erred in dismissing Count 1 of the plaintiff's Complaint.

In Association of Westinghouse Salaried Employees v. Westinghouse Electric Corporation, 1955, 348 U.S. 437, 75 S.Ct. 489, 99 L.Ed. 510, the Supreme Court specifically noted that Section 301 of the Taft-Hartley Act confers jurisdiction on federal courts in cases involving breach of collective bargaining contracts.[3] In Note 2, at page 443, of 348 U.S. at page 492 of 75 S.Ct. it said:

"It is significant, however, that breach of contract is not an 'unfair labor practice.' A proposal to that end was contained in the Senate bill, but was deleted in conference with the observation: 'Once parties have made a collective bargaining contract the enforcement of that contract should be left to the usual processes of the law and not to the National Labor Relations Board.' H. R. Conf. Rep. No. 510, 80th Cong., 1 Sess. 42."

That such jurisdiction belongs exclusively to the courts was held by the National Labor Relations Board in United Telephone Company of the West, 112 N. L.R.B. 779 (1955).

Said the Board, page 782:

"The Board is not the proper forum for parties seeking to remedy an alleged breach of contract or to obtain specific enforcement of its terms."[4]

---

2. 29 U.S.C.A. § 104. Section 4 provides as follows:

"No court of the United States shall have jurisdiction to issue any restraining order or temporary or permanent injunction in any case involving or growing out of any labor dispute to prohibit any person or persons participating or interested in such dispute (as these terms are herein defined) from doing, whether singly or in concert, any of the following acts: * * *."

3. In his concurring opinion Mr. Justice Reed stated, 348 U.S. at page 463, 75 S. Ct. at page 502: "Congress by § 301 has manifested its purpose to vest jurisdiction over breaches, to a certain extent, in the federal courts" and Mr. Justice Douglas (with whom Mr. Justice Black concurred) in a dissenting opinion 348 U.S. at page 465, 75 S.Ct. at page 503 stated: "I agree with Mr. Justice Reed that Congress in the Taft-Hartley Act created federal sanctions for collective bargaining agreements, made the cases and controversies concerning them justiciable questions for the federal courts, and permitted those courts to fashion from the federal statute, from state law, or from other germane sources, federal rules for the construction and interpretation of those collective bargaining agreements."

4. In making the ruling the Board cited Note 2 of the Supreme Court's opinion in Association of Westinghouse Salaried Employees v. Westinghouse Electric Corporation, 1955, 348 U.S. 437, 75 S.Ct. 489, 99 L.Ed. 510.

The Board, citing prior rulings, stated (page 781):

> "As the Board has held for many years, with the approval of the courts: ' * * * it will not effectuate the statutory policy * * * for the Board to assume the role of policing collective contracts between employers and labor organizations by attempting to decide whether disputes as to the meaning and administration of such contracts constitute unfair labor practices under the Act.' "

It is pertinent to note that in United Telephone Company of the West, supra, the union and employer gave conflicting interpretations to overtime provisions in their collective bargaining contract and when they were unable to agree the employer filed a suit for declaratory judgment. The union thereupon filed a Complaint with the Board charging unfair labor practices. The Trial Examiner in his Intermediate Report found against the employer. The latter filed exceptions to the Report contending that it had a right to submit the dispute as to the correct interpretation of their contract to the courts rather than to the Board. The Board agreed, stating (page 780):

> "Inasmuch as the issue of the construction of the contract is now pending before a court of apparent jurisdiction no valid reason exists for the Board to enter this controversy."

That the Taft-Hartley Act authorizes federal district courts to grant a union injunctive relief for the enforcement of its collective bargaining contract and the Norris-LaGuardia Act is not a bar was squarely held by the United States Court of Appeals for the Sixth Circuit in Milk and Ice Cream Drivers v. Gillespie Milk Products Corp., 1953, 203 F.2d 650, 651.

In that case the union sought an injunction against the employer for violating a collective bargaining agreement in refusing to abide by the award of an arbitrator which directed reinstatement with back pay of certain employees. The District Court sustained the employer's motion to dismiss upon the ground that the Norris-LaGuardia Act, 29 U.S.C.A. § 101 et seq., prohibited a federal district court from enjoining an employer for violating a labor contract. On appeal the employer further contended that the Taft-Hartley Act does not authorize a federal district court to grant injunctive relief.[5]

In reversing the order of dismissal the Court of Appeals held that the Norris-LaGuardia Act did not bar the injunctive relief sought and that " * * * the unqualified use of the word 'suits' in the Labor Management Relations Act *authorizes injunctive process for the full enforcement of the substantive rights created by section 301(a), * * *.*" (Emphasis supplied.)[6]

The Supreme Court of the United States has ruled that the Norris-LaGuardia Act cannot be construed as an immutable and inflexible bar against injunctive relief because of the circumstance that a union is one of the parties in the litigation: Virginian Ry. Co. v. System Federation No. 40, 1937, 300 U.S. 515, 563, 57 S.Ct. 592, 81 L.Ed. 789; Graham v. Brotherhood of Locomotive Firemen, 1949, 338 U.S. 232, 237, 238, 239, 240, 70 S.Ct. 14, 94 L.Ed. 22; Brotherhood of Railroad Trainmen v.

5. A third contention (by the employer) that the Federal Declaratory Judgment Act, 28 U.S.C.A. §§ 2201, 2202, does not authorize a federal district court to interpret a labor contract and issue an injunction to enforce it under section 301(a) of the Taft-Hartley Act, was rejected by the Court.

6. In American Federation of Labor v. Western Union Telegraph Co., 6 Cir., 1950, 179 F.2d 535, a union, asserting jurisdiction under Section 301(a) of the Taft-Hartley Act and the Declaratory Judgment Act, averred that the employer had violated the provisions of a pension plan set up by the collective bargaining contract, and sought a declaratory judgment and injunctive relief. The District Court's dismissal of the complaint upon the ground of lack of jurisdiction was reversed.

Howard, 1952, 343 U.S. 768, 774, 72 S. Ct. 1022, 96 L.Ed. 1283.

Time and again it has been held that the Norris-LaGuardia Act is not a bar in cases where injunctions are sought under the Taft-Hartley Act to enforce a contractual provision in labor contracts to submit to arbitration. See Local 205, United Electrical, Radio and Machine Workers of America (UE) v. General Electric Company, 1 Cir., 1956, 233 F.2d 85, and the cases cited therein, particularly Textile Workers Union v. American Thread Co., D.C.Mass.1953, 113 F.Supp. 137, 142. To the same effect see The Evening Star Newspaper Co. v. Columbia Typographical Union No. 101, D.C.D.C. 1954, 124 F.Supp. 322, 323.[7]

█ The defendant seeks to avoid the impact of the cases cited by insisting that its failure to negotiate on the salary rate for the new job classification as required by the collective bargaining contract is simply "an unfair labor practice" as to which the National Labor Relations Board has exclusive jurisdiction.

Otherwise stated, the defendant's position is that it has breached its contract, that it acted "unfairly" in doing so, but willy-nilly, since the violation was a breach of a labor contract, that it is by virtue of that fact "an unfair labor practice" and as such beyond the reach of the Taft-Hartley Act. Defendant seems unaware that Section 301(a) by its terms specifically deals with "Suits for violation of contracts between an employer and a labor organization" and that Congress provided that federal courts should have jurisdiction with respect to such contract breaches.

The answer to defendant's position was given in Reed v. Fawick Airflex Co., D.C. Ohio 1949, 86 F.Supp. 822, 823, 824. It was there said:

"If, however, a particular act is the subject of an agreement between employer and union and the union sues [under Sec. 301(a)] for breach of that contract, the District Court could not be ousted of its jurisdiction to hear and determine the case merely because the act constituted not only breach of contract but also an unfair labor practice."

█ That holding was cited with approval and followed in Textile Workers Union of America v. Arista Mills Co., 4 Cir.1951, 193 F.2d 529, decided on other grounds. Moreover, as earlier stated, the Supreme Court succinctly ruled in Note 2 of its opinion in the Westinghouse Electric Corp. case that "breach of contract is not an 'unfair labor practice.'"

A final comment.

█ In dismissing Count 1, which sought specific performance of the contract, the District Court denied a mandatory injunction and that denial is appealable under 28 U.S.C.A. § 1292. The phraseology of the plaintiff's prayer in Count 1 is not controlling.[8]

What the plaintiff sought "* * * was a command unequivocal in its terms and there is no escape from the conclusion that it was a mandatory injunction." Red Star Laboratories Co. v. Pabst, 7 Cir.1938, 100 F.2d 1, 4, cited with approval in United States v. Kovich, 7 Cir.1953, 201 F.2d 470, 472. As was held in Local 205, United Electrical, Radio and Machine Workers of America (UE) v. General Electric Co., supra [233 F.2d 91], "* * * the label used to describe the judicial demand is not controlling."

For the reasons stated the Order of the District Court will be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

7. In Insurance Agents' International Union v. Prudential Ins. Co., D.C.E.D.Pa. 1954, 122 F.Supp. 869, it was held that section 301 of the Taft-Hartley Act permits suit to be brought for specific performance of a collective bargaining contract. No mention was made there of the Norris-LaGuardia Act.

8. The prayer read as follows: "Wherefore plaintiff demands judgment specifically enforcing against defendant the terms of the above quoted portion of the contract."