465 F.Supp. 883 (1979)
Bernard J. GETZ
v.
SOUTHWESTERN BELL TELEPHONE CO. et al.
No. 78-569C(2).
United States District Court, E. D. Missouri, E. D.
January 5, 1979.
*884 Kenneth V. Byrne, Clayton, Mo., Charles V. Koons, Kane & Koons, Washington, D.C., for plaintiff.
Glen A. Glass, Leo E. Eickhoff, Jr., James A. Daugherty, Thad Hollie, Jr., Michael J. Zpevak, St. Louis, Mo., for Southwestern Bell Tel. Co.
Levin & Weinhaus, St. Louis, Mo., for defendants.

MEMORANDUM
WANGELIN, District Judge.
This matter is before the Court upon defendant unions' motion for summary judgment, plaintiff's response thereto, and defendant unions' reply to plaintiff's response.
On July 24, 1978 defendant unions filed a motion to dismiss. Because that motion presented matters outside the pleadings, on August 10, 1978 this Court entered an Order treating defendant unions' motion to dismiss as one for summary judgment, and staying the motion for ninety (90) days to allow discovery to proceed.
The uncontroverted material facts adduced through discovery establish a jurisdictional issue closely related to the merits of the case.
*885 Plaintiff has characterized his cause of action as one arising under 29 U.S.C. § 185 et seq. and 29 U.S.C. § 401 et seq., statutes which would confer jurisdiction on this Court.
It is uncontroverted, however, that:
(a) plaintiff's discharge arose from his refusal to honor his obligation under the agency shop clause of the collective bargaining agreement;
(b) the collective bargaining agreement between the parties effective August 7, 1977, provides an Agency Shop Clause whereby plaintiff as a member of the collective bargaining unit (plaintiff is not a member of defendant unions) is required to pay a dues equivalency monthly, for the current month, to one or both defendant unions.
(c) plaintiff's dues equivalency obligations under said Agency Shop Clause were not paid up at or for some time prior to any time either of defendant unions requested his discharge, and discovery in the case established that plaintiff did not pay his equivalency obligations for September through December, 1977, and February and March 1978. Plaintiff was adequately notified of his equivalency obligations within a reasonable time before he was discharged.
(d) plaintiff was subject to discharge under the Agency Shop Clause and the unions requested discharge, and defendant Southwestern Bell terminated plaintiff's employment on March 9, 1978.
Plaintiff, through allegations of lack of proper notification, malice and intentional wrongdoing, sought to characterize his cause of action as one for wrongful termination and breached duties of fair representation constituting violations of the collective bargaining agreement.
Discovery clearly reveals that plaintiff was properly subject to discharge pursuant to the union security/agency shop clause for his conscious avoidance of the contractual equivalency obligation, and defendant unions had the right, Buckley v. AFTRA, 496 F.2d 305, 311 (2nd Cir. 1974), cert. denied, 419 U.S. 1093, 95 S.Ct. 688, 42 L.Ed.2d 687 (1974), if not the obligation to its other members, 29 U.S.C. § 501(a), to demand plaintiff's discharge. Further, the NLRB has determined that the duty of fair representation does not attach where the employee has not paid his dues or equivalency obligation as required by the collective bargaining agreement. John J. Roach & Co., 231 NLRB No. 180, 96 LRRM 1281, 1283 (1977); Buckley v. AFTRA, supra, at 311. Plaintiff's claims of other breaches of the agreement and misconduct on the part of defendant unions are unsubstantiated by the facts adduced through discovery.
Clearly if the defendant unions were justified in seeking plaintiff's termination, then defendant Southwestern Bell committed no wrong in terminating plaintiff's employment pursuant to the defendant unions' request. Plaintiff's vague and conclusory allegations of a conspiracy between the defendants to deprive plaintiff of "all rights and remedies of any kind" is without evidential support.
Jurisdiction under 29 U.S.C. § 185 is dependent upon a colorable claim of breach of the collective bargaining agreement or other labor contract between employees and labor organizations. Meehan v. Laborers Pension Fund, 418 F.Supp. 29 (N.D.Ill.1976). While allegations of breach in a well-pleaded complaint must necessarily invoke jurisdiction under 29 U.S.C. § 185, when discovery establishes that such allegations are unsupported in fact, this Court is of the opinion that it cannot rule on the merits of plaintiff's claim as subject matter jurisdiction under 29 U.S.C. § 185 must necessarily be defeated.
Plaintiff's supportable averments may constitute "arguable" unfair labor practices under 29 U.S.C. §§ 158(a)(3) and 158(b)(2).
When unfair labor practices are alleged "the federal courts must defer to the exclusive competence of the National Labor Relations Board." Buckley, supra, at 312, San Diego Building Trades Council v. Garmon, 359 U.S. 236, 245, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959). Abstention by the federal *886 courts is necessary to prevent "conflicting regulation of conduct." Amalgamated Ass'n of Street, Elec. Ry. & Motor Coach Employees v. Lockridge, 403 U.S. 274, 292, 91 S.Ct. 1909, 29 L.Ed.2d 473 (1971). It is the conduct being regulated, not the formal description of governing legal standards, that is the proper focus of concern. Id.
Cases involving the request by a union for the discharge of an employee for non-payment of dues, pursuant to Agency Shop/Security Agreements, which request is contested on any of several grounds by the employee, present arguable claims of unfair labor practices under 29 U.S.C. § 158. See, e. g. NLRB v. International Union, United Auto, etc., 297 F.2d 272 (1st Cir. 1961); SuCrest Corp., 165 NLRB 596, enforced 409 F.2d 765 (2nd Cir. 1969); International Union of Operating Engineers, 161 NLRB 1114 (1966); Communications Workers of America v. NLRB, 215 F.2d 835 (2nd Cir. 1954); NLRB v. Hotel, Motel & Club Employees' Union, 320 F.2d 254 (3rd Cir. 1963) (failure to notify of dues obligation); Granite City Steel Co., 169 NLRB 1009 (1968). (failure to notify).
Plaintiff's complaint, stripped of its breach of contract allegations, at most alleges that defendants committed unfair labor practices. It does not support an action under 29 U.S.C. § 185, but rather states a claim within the exclusive jurisdiction of the National Labor Relations Board.
Accordingly, defendant unions' motion to dismiss for lack of subject matter jurisdiction must be granted. Because of the nature of this ruling, the cross-claim by the employer against the unions, the two cross-claims by the unions against the employer, the employer's counterclaim against the plaintiff, and defendant unions' claim for reasonable attorneys' fees and their costs and expenses will be dismissed without prejudice.