**LOCAL UNION 204 of the INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, Affiliated with the AFL–CIO, Plaintiff,**

v.

**IOWA ELECTRIC LIGHT AND POWER COMPANY, Defendant.**

No. C 79–108.

United States District Court,
N. D. Iowa,
Cedar Rapids Division.

Sept. 10, 1980.

874

Joseph E. Day, Cedar Rapids, Iowa, for plaintiff.

Joe A. Greenlief, I. E. Light & Power Co., D. G. Ribble, Cedar Rapids, Iowa, for defendant.

ORDER

McMANUS, Chief Judge.

This matter is before the court on plaintiff's February 5, 1980 motion for summary judgment and defendant's April 9, 1980 resistance thereto, which incorporates its separate motion for summary judgment. Plaintiff's motion granted; defendant's motion denied.

In response to the court's order of April 28, 1980, the parties have submitted briefs addressing the issues of jurisdiction and arbitration.[1] It is the court's opinion that it does have subject matter jurisdiction of this

---

1. For a recitation of the facts of this case, see the court's order of April 28, 1980.

action and that it is not precluded by the arbitration clause of the parties' collective bargaining agreement from proceeding on the merits of this action.

With regard to subject matter jurisdiction, it is by now axiomatic that the federal courts are courts of limited jurisdiction and that the source of federal jurisdiction is the United States Constitution and the federal statutes. It is alleged by both parties that section 301 of the Labor Management Relations Act (LMRA) (29 U.S.C. § 185) vests in this court jurisdiction over this case. Section 301 provides in pertinent part that "[the federal district courts have jurisdiction of] suits for violation of contracts between an employer and a labor organization . . . ."

■ As developed by case law, the analysis of a question of section 301 jurisdiction requires an examination of the well–pleaded material allegations of the complaint. See Alvares v. Erickson, 514 F.2d 156 (9th Cir. 1975); Getz v. Southwestern Bell Tel. Co., 465 F.Supp. 883 (E.D.Mo.1979). If the court determines from the complaint (1) that a collective bargaining agreement exists, (2) between a union and employer and involving employees in an industry affecting commerce, and (3) that breach of this agreement is alleged, then jurisdiction under section 301 is properly invoked. Getz v. Southwestern Bell Tel. Co., 465 F.Supp. 883 (E.D.Mo.1979); see Alvares v. Erickson, 514 F.2d 156 (9th Cir. 1975). This is true even though the complained of conduct might also constitute an unfair labor practice under §§ 7 and 8 of the LMRA (29 U.S.C. §§ 157 and 158). Hines v. Anchor Motor Freight Lines, Inc., 424 U.S. 554, 562, 96 S.Ct. 1048, 1055, 47 L.Ed.2d 231 (1976); cf. Petroleum Workers of New Jersey, Independent v. Esso Standard Oil Co., 235 F.2d 401 (3d Cir. 1956) (refusal to bargain a breach of contract); Publication Corp. v. Chicago Photo Engravers Union 5, 36 Lab. Cas. ¶ 65,035 (D.C.Ill.1957) (refusal to participate in grievance procedure a breach of contract for § 301 purposes).

■ The court has examined plaintiff's complaint and is of the view that a breach of the collective bargaining agreement has been alleged, although not as simply, precisely, and directly as possible. See FRCP 8(e), (f). The complaint's allegation that the defendant breached Article IV, section 4 in that it engaged in an activity to defeat or evade the terms of the agreement satisfies the requirements of section 301.[2]

■ In addition to the jurisdiction issue, the court must also resolve the matter of arbitration before proceeding to rule on the merits of these motions, for it is the well established rule that where the contract in question provides an exclusive method for final adjustment of disputes concerning its application or interpretation, the courts must defer to that method. E.g. Steelworkers v. American Mfg. Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); Steelworkers v. Enterprise Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960); Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); Textile Workers Union v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957). To determine if arbitration is required in this case, the court must construe the governing language of the collective bargaining agreement. Atkinson v. Sinclair Refining Co., 370 U.S. 238, 241, 82 S.Ct. 1318, 1320, 8 L.Ed.2d 462 (1962).

■ The parties' contract provides in pertinent part that:

> Questions or disputes regarding the interpretation, application, or claimed violation if the Agreement *may* be submitted to an Arbitration Board for decision *provided there has been full compliance with the grievance procedure.*

Article VI (emphasis added). The court reads this language to mean that arbitration is merely an optional method of resolving contract related disputes, available only if the party attempting to instigate it is in full compliance with the grievance proce-

---

2. That there exists a collective bargaining agreement between a union and employer involving employees in an industry affecting commerce has never been in question.

dure set out in the contract. Based on this reading and the court's conclusion that plaintiff's allegations and defendant's admissions show a failure by defendant to comply with the grievance procedure of the agreement, the court holds that it is free to proceed to the merits of these motions.

■ Both parties have moved for summary judgment. Summary judgment should not be entered unless the pleadings, depositions, answers to interrogatories, and admissions show that there is no genuine issue as to any material fact. FRCP 56(c); see Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962). It is an extreme remedy, not to be entered unless the moving party has established its right to a judgment with such clarity as to leave no room for controversy and unless the other party is not entitled to recover under any discernible circumstances. Equal Employment Opportunity Comm. v. Liberty Loan Corp., 584 F.2d 853, 857 (8th Cir. 1978). In passing upon a motion for summary judgment, the court is required to view the facts in the light most favorable to the party opposing the motion. Adickes v. S. H. Kress & Co., 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970).

The fact central to this action, and to the court's resolution of the motions now before it, is the employment status of the quality control inspectors (QCI's) at the Duane Arnold Energy Center. Plaintiff maintains that the QCI's are "employees" as defined by the collective bargaining agreement and the NLRA, that they are therefore covered by the agreement, and that defendant breached the agreement to plaintiff's damage. Defendant, on the other hand, contends that the QCI's are "supervisors" and/or "managers" under the agreement and the NLRA and therefore not covered by the terms of the agreement.[3]

A regional director of the National Labor Relations Board (NLRB) has ruled, and the NLRB affirmed this ruling, that the QCI's are employees, not supervisors or managers, under the parties' collective bargaining agreement and the NLRA. The crucial question, therefore, is what effect that ruling has on the present action. Plaintiff argues that the ruling is collateral estoppel on the issue of QCI employment status in this action. Defendant argues alternatively that (1) the ruling is contrary to and prohibited by various federal energy laws and, pursuant to those laws, this court must rule that the QCI's are supervisors and/or managers, and (2) that even if not contrary to federal energy law, the ruling is not supported by the evidence and this court must so decide by reviewing the NLRB record de novo or in accordance with the "substantial evidence" test.[4]

■ The court notes that the general rule makes unreviewable an NLRB order in a representation proceeding, the kind of order we have here, unless it is the subject of an unfair labor practice order.[5] E. g. American Federation of Labor v. NLRB, 308 U.S. 401, 60 S.Ct. 300, 84 L.Ed. 347 (1940); see 29 U.S.C. § 159(d). The applicability of this rule to this case is unclear, however, because of the peculiar relationship of the parties vis-a-vis each other; while it is clear that defendant could not have instituted a lawsuit for the purpose of obtaining judicial review of an NLRB representation order, it is not so clear that defendant is absolutely precluded from such a review in a suit commenced by plaintiff.

■ The court is not persuaded that the NLRB's representation order is collateral estoppel in this action, as plaintiff contends.

---

3. Defendant has admitted in its answer all other material allegations of plaintiff's complaint, except defendant denied plaintiff's allegations concerning jurisdiction and affirmatively asserted that plaintiff's complaint failed to state a claim. See pp. 1–3 of this order for the court's ruling on the jurisdictional issue. As for the claim that plaintiff has failed to state a claim, the court disagrees. See Smith v. Evening

News Ass'n, 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962).

4. See p. 877, infra.

5. One exception to this rule is embodied in Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958), and is not applicable to this case.

If this order were the subject of an unfair labor practice order and before the court of appeals for its review, that court would not be required to affirm the NLRB unless its order was supported by "substantial evidence on the record". 29 U.S.C. § 160(e), (f); *NLRB v. National Mineral Co.*, 134 F.2d 424 (7th Cir. 1943); *see Universal Camera Corp. v. NLRB*, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951); *NLRB v. Falk Corp.*, 308 U.S. 453, 60 S.Ct. 307, 84 L.Ed. 396 (1940); *J. L. Brandeis & Sons v. NLRB*, 142 F.2d 977 (8th Cir. 1944).

For the same reason, together with the strong policy that the NLRB be afforded broad discretion with respect to representation determinations, *see, e. g., NLRB v. Leatherwood Drilling Co.*, 513 F.2d 270 (5th Cir.), *cert. denied*, 423 U.S. 1016, 96 S.Ct. 449, 46 L.Ed.2d 387 (1975); *NLRB v. Magnesium Casting Co.*, 427 F.2d 114, 62 Lab. Cas. ¶ 10,911 (1st Cir. 1970), the court is likewise not persuaded that defendant is entitled to a de novo review of the evidence concerning QCI employment status.

■ Rather, the court concludes that it is also bound by the "substantial evidence on the record" standard in its review of the NLRB's representation order.[6] The court has applied this standard in its review of the NLRB record in this case and concludes that the representation order is supported by substantial record evidence.

This being the case, the employment status of the QCI's is held to not be a genuine issue of material fact; the QCI's are "employees" as a matter of law.

An examination of the file in this case indicates that defendant in its answer to plaintiff's complaint admitted all other material allegations.[7]

It is therefore

**6.** The existence of the federal energy regulations cited by defendant does not change the court's opinion regarding the proper approach to these motions. What case law there is suggests that the import of state or federal laws on an issue of representation is a matter for the NLRB and subject to the "substantial evidence on the record" standard when properly before the court on review. *See NLRB v. Howard*

ORDERED

1. Plaintiff's motion granted.

2. Defendant's motion denied.

*Johnson Co.*, 398 F.2d 435, 440 (3d Cir. 1968); *cf. NLRB v. Cement Transport, Inc.*, 490 F.2d 1024 (6th Cir. 1974) (that government required supervision of driver by carrier merely one factor to consider in determining whether driver "employee" or "independent contractor").

