**WILSON BROTHERS**

v.

**TEXTILE WORKERS UNION.**

United States District Court
S. D. New York.
Dec. 15, 1954.

Edward J. Ennis, New York City, for plaintiff.

Benjamin Wyle and Max Zimny, New York City, for defendant.

RYAN, District Judge.

Plaintiff Wilson Brothers brings this action for breach of its collective bargaining agreement with the defendant Textile Workers Union of America, C.I.O. Plaintiff invokes the jurisdiction of this court under § 301 of the Labor Management Relations Act of 1947, 29 U.S.C.A. § 185, and seeks declaratory relief under 28 U.S.C.A. §§ 2201 and 2202. The complaint also alleges jurisdiction by way of diversity of citizenship in that plaintiff is a corporation duly organized under the laws of Illinois, and that John W. Horton, President, and Martin F. Clancy, Treasurer, of Local 675 of the Textile Workers Union of America, C.I.O., are residents and citizens of the State of New York, and that the amount in controversy exceeds $3000. The matter comes before the court on the cross motions of the parties; plaintiff moving to stay arbitration; defendant moving to compel arbitration and to stay this proceeding.

■ Jurisdiction of this court was properly invoked under § 301 of the Labor Management Relations Act of 1947, 29 U.S.C.A. § 185, this being a suit for violation of contract between an employer and a labor organization representing employees in an industry affecting commerce. For the relief granted herein it is unnecessary that we pass upon the question whether jurisdiction exists by way of diversity of citizenship.

■ Basically, the underlying dispute between these parties relates to vacation pay allegedly due to certain members of the defendant union, said members being former employees of the plaintiff. The plaintiff alleges a breach of contract in that the union failed to utilize the grievance procedure provided for by the collective bargaining agreement, and that the union failed to attempt to agree to an arbitrator in accordance with Section V(A) (Step 4) of the collective bargaining agreement before submitting the dispute to the American Arbitration Association. Referring disagreements to the American Arbitration Association is the last step provided by the grievance and arbitration machinery (Section V(F) ). We believe that both the underlying dispute as to vacation pay and the by-passing of the grievance and arbitration procedure prior to submitting the dispute to the American Arbitration Association are matters properly to be determined by arbitration.

The parties made detailed contractual provisions for vacation pay in Section XVI of their contract. In Section V(A) they explicitly provided that "(a)ny difference, grievance, or dispute between the Company and the Union or any employee *arising out of* or *relating to* this agreement *or its interpretation* or enforcement, shall be subject to" the grievance and arbitration procedure thereafter stated. (Interlineation added.) A broader grant of arbitration jurisdiction is difficult to envisage. In fact, the only limitation was that the arbitrators could not alter the contractual terms, i. e. "add to or disregard any of the terms or provisions of (the) collective bargaining

agreement." (Section V(D) ) Certainly the dispute as to vacation pay arises out of and relates to the collective bargaining agreement (see Section XVI), and it is evident from the papers before the court that this dispute can be resolved only by the interpretation given to Section XVI of the contract, a matter the parties intended to be determined by arbitration.

Similarly for the parties' dispute as to what was the applicable arbitration procedure. Whether under the circumstances here enumerated, e. g., the closing of the plant, termination of the agreement, the union could invoke Section V(F) of the contract and in the first instance enable its officers to deal directly with the officers of the employer, thereafter submitting the dispute to the American Arbitration Association, and thus bypass a non-existent grievance machinery and fail to attempt to agree to an arbitrator pursuant to Section V(A) (Step 4) of the contract; or whether there was a mutual waiver of these provisions, are matters of contract interpretation which by the terms of the contract are rightfully arbitrable issues, and not, at least at this stage of the dispute, for the courts.

Whether Congress intended merely to confer a protective jurisdiction upon the federal courts, or to create substantive rights arising under the laws of the United States, or to pre-empt this area for an exclusively federal law are problems which, though intriguing, need not concern us in the light of the binding authority of Shirley-Herman Co., Inc., v. International Hod Carriers, Building and Common Laborers of America, Local Union No. 210, 2 Cir., 1950, 182 F.2d 806, 17 A.L.R.2d 609.

Section 4 of the Arbitration Act, 9 U. S.C.A. § 4, would seem to provide a remedy of compelling arbitration. However, if it is held that the matters before us relate to the collective bargaining agreement and not to the individual workers' contracts of employment and thus free from the exclusion of 9 U.S.C.A. § 1. Lewittes & Sons v. United Furniture Workers of America, C.I.O., D.C.S.D.N.Y. 1951, 95 F.Supp. 851; United Office & Professional Workers of America, C.I.O. v. Monumental Life Insurance Co., D.C. E.D.Pa.1950, 88 F.Supp. 602; see J. I. Case Co. v. National Labor Relations Board, 1943, 321 U.S. 332, 334–336, 64 S.Ct. 576, 88 L.Ed. 762, or that § 1 has no effect upon the other sections of the Act, including § 4, there is yet another problem for a district court in this Circuit. Section 2 of the Arbitration Act requires that the contract evidence "a transaction involving commerce". San Carlo Opera Co. v. Conley, D.C.S.D.N.Y. 1946, 72 F.Supp. 825, affirmed 2 Cir., 1947, 163 F.2d 310. Indeed a serious question is present as to whether such a transaction exists in a collective bargaining agreement, which transaction is not inexorably bound to the workers' individual contracts of employment. See Cox, Grievance Arbitration in the Federal Courts, 67 Harv.L.Rev. 591 (1954). And whether this court is precluded from § 4 because of the parties' disagreement as to what was the applicable grievance and arbitration procedure is yet another problem.

In any event we feel that § 301(a) of the Labor Management Relations Act of 1947 has generated of its own force the remedy of compelling arbitration. Textile Workers Union of America (C.I.O.) v. American Thread Co., D.C.D.Mass. 1953, 113 F.Supp. 137; Insurance Agents' International Union, A. F. of L. v. Prudential Insurance Co., D.C.E.D. Pa.1954, 122 F.Supp. 869 (by implication); see Industrial Trades Union of America v. Woonsocket Dyeing Co., Inc., D.C.D.R.I.1954, 122 F.Supp. 872, 874.

Alcoa S. S. Co., Inc. v. McMahon, 2 Cir., 1949, 173 F.2d 567, affirming D.C. S.D.N.Y.1948, 81 F.Supp. 541, certiorari denied 1949, 338 U.S. 821, 70 S.Ct. 65, 94 L.Ed. 498, is not applicable to the facts of the case at bar since in the Alcoa case the Norris-LaGuardia Act, 29 U.S.C.A. § 101 et seq., prevented the court from issuing an injunction against the union; while here the policy of the Norris-LaGuardia Act, to foster arbitration of dis-

putes between employers and unions, is effectuated. See e. g. 29 U.S.C.A. §§ 102, and 108.

Since we merely hold that the issues here presented to the court are arbitrable issues we do not reach the point of deciding whether we would have jurisdiction to decide the actual controversy itself. Compare Association of Westinghouse Salaried Employees v. Westinghouse Electric Corp., 3 Cir., 1954, 210 F.2d 623, certiorari granted 347 U.S. 1010, 74 S.Ct. 868, 98 L.Ed. 1134, with Rock Drilling, Blasting Roads, Sewers, etc., Local Union No. 17 v. Mason & Hanger Co., Inc., 2 Cir., 217 F.2d 687.

Motions to compel arbitration and to stay this action granted; motion to stay arbitration denied.

Let judgment be submitted in accordance herewith.