**LOCAL NO. 149 OF THE AMERICAN FEDERATION OF TECHNICAL ENGINEERS (AFL), Plaintiff,**

v.

**GENERAL ELECTRIC COMPANY, Defendant.**

Civ. A. No. 56-652.

United States District Court
D. Massachusetts.

Nov. 30, 1956.

Robert Segal, Boston, Mass., for plaintiff.

Warren F. Farr, Ropes, Gray, Best, Coolidge & Rugg, Boston, Mass., for defendant.

SWEENEY, Chief Judge.

The petitioner brings this action under the Arbitration Act, 9 U.S.C.A. § 4 and the Labor-Management Relations Act of 1947, 29 U.S.C.A. § 185 under which this court has jurisdiction without respect to the amount in controversy or diversity of citizenship. The facts in the case by agreement of counsel must be taken entirely from the petition as no responsive pleading except a motion to dismiss has been filed. No hearing has been held on the motion to dismiss.

The company is an industry affecting commerce as defined in the Labor-Management Relations Act of 1947.

On or about November 1, 1955, the Union and the Company entered into a written collective bargaining agreement, (hereinafter referred to as the "Contract") which was to be effective and in force from August 15, 1955 to October 1, 1960.

On or about November 7, 1955, the Union filed grievances with the Company alleging that the jobs performed by employees, Paul Nolan, Fred Lang, Robert Tivey and Ashley Corporon were incorrectly graded. The Union alleged that under the grades established by the Company and set forth in Article VII of the contract, the duties performed by these employees came within Grade 13 and that the Company had not properly applied the contract in its payments to said employees.

After the grievance procedure set forth in article XIV of the contract had been exhausted, the Union on April 23, 1956 requested a meeting with the Company for the purpose of selecting an arbitrator and instituting arbitration proceedings pursuant to Article XV, Section 1, of the contract. The Company on May 1, 1956 notified the Union that it would not submit said grievances to arbitration.

The reading of Section 1 of Article XV of the contract between the parties is as follows:

1. Any grievance which involves the interpretation or application of this Agreement, and which remains unsettled after having been fully processed pursuant to the provisions of Article XIV shall be submitted to arbitration upon request of either the Union or the Company provided such request is made within 90 days after the decision of the Company has been given to the Union pursuant to Article XIV. In each case, the arbitrator shall be selected and the arbitration proceeding conducted pursuant to procedures mutually satisfactory to the Company and the Union.

The plaintiff stands on the proposition that this Section compels the Company to arbitrate a situation such as the grading of employees. Section 2 of Article XV provides limitations upon the authority of an arbitrator to arbitrate certain of the actions between the parties. That Section reads as follows:

2. The award of an arbitrator so selected upon any grievance so submitted to him shall be final and binding upon all parties to this Agreement. The arbitrator shall have no authority to add to, detract from, or in any way alter the provisions of this Agreement. In addition, it is specifically agreed that no arbitrator shall have the authority to establish a wage rate or job classification, or authority to enter an award pertaining to Article XIX, and that no provision of this Agreement or other agreements between the parties shall be subject to arbitration pertaining in any way to the establishment, administration, interpretation or application of Insurance or Pension Plans in which employees covered by this Agreement are eligible to participate.

It seems to me that the condition in this Section, "It is specifically agreed that no arbitrator shall have the authority to establish a wage rate or job classification * * *" places a distinct limitation upon the arbitrator that covers the situation in hand.

Apparently the jobs performed by the employees in question were newly created jobs, and since the contract makes no provision for the Union to be heard on the question of such grading, it seems to me that the question of grading these positions is not open to arbitration.

From the foregoing I conclude and rule that the petition for an order to compel arbitration must be and is dismissed.