**UNITED CEMENT, LIME AND GYPSUM WORKERS' INTERNATIONAL UNION, AFL–CIO, LOCAL NO. 55,**

v.

**ALLENTOWN–PORTLAND CEMENT CO.**

Civ. A. No. 23119.

United States District Court
E. D. Pennsylvania.
July 7, 1953.

Bernard N. Katz, Meranze & Katz, Philadelphia, Pa., for plaintiff.

Robert H. Kleeb, E. Jackson Bonney, Souser, Schumacker, Kleeb & Lunkenheimer, Philadelphia, Pa., for defendant.

EGAN, District Judge.

This is a motion for judgment on the pleadings made by the plaintiff. Prior to this motion, plaintiff filed a petition and complaint to compel arbitration under the following clauses of the collective bargaining agreement in effect between it and defendant.

"Article XVII

"Grievance Procedure

"Section 17.1. The term 'grievance' shall mean any dispute of difference between the Company and the Union or between the company and any employee concerning the interpretation, application, claim or breach or violation of this Agreement.

"First, the grievance shall be taken up by the employee with his foreman, and the Shop Steward if the employee so desires. The foreman shall reply within three working days, and if no satisfactory settlement is reached between them, then within ten days thereafter.

"Second, the grievance shall be reduced to writing and shall be taken up between the employee affected with the Plant Manager and/or his representative and the Grievance Committee. The Plant Manager shall reply within four working days and if no satisfactory settlement is reached, then within ten days thereafter.

"Third, the grievance shall be taken up by an International Representative of the Union, the Grievance Committee, and an official of the Company. The grieved employee may be present should his presence be requested by either party. The Company shall reply within ten days thereafter, and if no satisfactory settlement is reached, then

"Fourth, either party may within thirty (30) days submit the grievance to the American Arbitration Association as provided under Article XVIII.

"Section 17.2. In the event that the grievance is not processed by the Union within the stipulated days set forth above, then it shall be considered that the grievance has been disposed of or withdrawn.

"Section 17.3. Nothing in this Agreement shall be construed as obligating the parties to arbitrate any contract negotiations.

"Section 17.4. There shall be no retarding or suspension of work which may result from any cause or the interpretation of this Agreement, but rather the parties shall resort to the procedure established arising under the terms of this Agreement. Any employee engaging in such action, may be denied further employment, or suspended at the option of the Company. The Company, on its part, agrees that during the life of this Agreement, there shall be no lockout.

"Article XVIII

"Arbitration

"Section 18.1. Either party may submit an unresolved grievance or dispute to an Impartial Arbitrator, mutually agreed upon under the rules and through the facilities of the American Arbitration Association. The decision and award of the arbitrator shall be final and binding upon both parties. The arbitrator shall have no authority to change, add to, or subtract from any of the provisions of this Agreement.

"Section 18.2. The cost of the Impartial Arbitrator and the services of the American Arbitrator Association shall be shared equally by the parties. All other cost incidental to the Arbitration proceedings shall be borne by the party incurring the debt."

The basis for plaintiff's complaint is the failure of the defendant to submit certain grievances to the American Arbitration Association in breach of the above agreement. In its answer, the defendant admits all of the allegations save one and sets forth therein that plaintiff is not entitled to arbitration because it failed to comply with the grievance procedure as spelled out in Article XVII. Admitting, for the purpose of the motion, the truth of defendant's allegation in its answer,[1] only one issue is presented by the pleadings. Did the plaintiff follow the grievance procedures provided for in Article XVII?

■ Clearly, under the type of agreement in effect here, such a question should be determined by the arbitration panel and is not a question for the courts. Mack Mfg. Co. v. International Union, 1951, 368 Pa. 37, 81 A.2d 562, 565, wherein it was stated:

"The grievance, however, is one contemplated by the agreement be-

tween the parties and therefore it is for the arbitrator to determine not only the substantive rights of the parties, but compliance with proper procedural steps as well, *since the procedure is also fixed by the agreement and there is a dispute over the interpretation of the agreement in that respect.*"[2] (Emphasis supplied.)

Also see, Insurance Agents, etc., v. Prudential Ins. Co., D.C.E.D.Pa.1954, 122 F.Supp. 869; Post Publishing Co. v. Cort, 1956, 334 Mass. 199, 134 N.E.2d 431; Wilson Bros. v. Textile Workers, D.C., 132 F.Supp. 163, appeal dismissed 2 Cir., 224 F.2d 176, certiorari denied 350 U.S. 834, 76 S.Ct. 70, 100 L.Ed. 745.

It is the contention of the defendant, however, that the matter before the Court is not one of procedure, but rather one as to the *existence* of subsequent oral modification of the agreement and as such should be determined by the Court. Goldstein v. International L. G. W. U., 1938, 328 Pa. 385, 196 A. 43. Defendant states that it *believes* the plaintiff will assert the oral agreement at arbitration. It is our opinion that this matter is not before the Court at this time. Plaintiff's complaint makes no allegations of a subsequent oral agreement and defendant's answer conspicuously avoids this point. It is apparent to the Court that this question is not in issue in this controversy. To deny the plaintiff's motion on the ground that defendant "believes" plaintiff is relying on something not evidenced by the pleadings would render the provisions of Rule 12 (c), Fed.Rules Civ.Proc. 28 U.S.C. meaningless.

■ Defendant raises a further point in opposition to this motion. It states that because, for the purposes of this motion, the defendant's allegations are deemed admitted, there no longer exists a controversy as to whether plaintiff fol-

---

1. 2 Moore, Federal Practice, par. 12.15, p. 2269.

2. Under the recent decision of Textile Workers Union, etc. v. Lincoln Mills,

353 U.S. 448, 77 S.Ct. 923, 1 L.Ed.2d 972, state law may be employed where it is consistent with the Labor-Management Relations Act, 29 U.S.C.A. § 141 et seq.

lowed the grievance procedure. With this reasoning we cannot agree, for to do so would be determining the ultimate issue to be decided by the arbitration panel and in a case such as this, a party could never get a judgment on the pleadings.

The motion is therefore granted, with the limitation that the question of a subsequent oral contract cannot be considered by the arbitration board.