Matter of the Arbitration of Certain Differences between Edmund PRIEST, individually and as President of International Union of Electrical Radio and Machine Workers of America—AFL-CIO Local 320, Petitioner,

and

GENERAL ELECTRIC COMPANY, Respondent.

United States District Court
N. D. New York.
July 15, 1958.

Richard T. Mosher, Syracuse, N. Y., for petitioner.

Bond, Schoeneck & King, Syracuse, N. Y., Tracy H. Ferguson, Syracuse, N. Y., of counsel, for respondent.

BRENNAN, Chief Judge.

The International Union of Electrical Radio and Machine Workers of America-AFL-CIO, Local 320, a labor organization, representing production employees employed by the General Electric Company in the area of Syracuse, N. Y., has filed a petition in this court to compel General Electric to submit a dispute to arbitration in accordance with the terms of a collective bargaining agreement between the parties. The dispute involves the discharge of an employee at the General Electric Plant, Thompson Road, Syracuse, N. Y. The respondent has not filed an answer but has moved for the dismissal of the proceeding.

The motion primarily attacks the form of the proceeding and asserts a lack of jurisdiction in this court, assuming that the petitioner is proceeding solely under the provisions of the Federal Arbitration Act.

The allegations of the petition leave something to be desired. The notice of motion, attached thereto, seeks a decision that arbitration proceed between the parties " * * * pursuant to the provisions of the Arbitration Act (9 U.S.C.) and Labor Management Relations Act (7 U.S.C.)". This allegation is apparently in compliance with F.R.Civ.P. rule 7 (b) (1), 28 U.S.C., although the Labor

Act is incorrectly cited. The petition itself in the "Wherefore" clause seeks an order compelling arbitration pursuant to the "Arbitration Act" (title 9 of the U. S. Code). The motion here was argued and briefed upon the contention that the application is insufficient to confer jurisdiction since it is based upon the provisions of the Federal Arbitration Act alone.

The problem thus raised does not seem to have been authoritatively decided. That the question is not without difficulty is apparent in the decision of Local No. 149, etc. v. General Electric, 1 Cir., 250 F.2d 922. In that case, the Union filed a petition under both the Arbitration Act, 9 U.S.C. § 1 et seq. and the Labor Management Relations Act, 29 U. S.C.A. § 141 et seq. The problem was discussed in that decision at some length without a definite holding. The court proceeded upon an alternative ground as a basis for its decision and assumed that the provisions of the Arbitration Act were not applicable to collective bargaining agreements. The decision however lacks conclusiveness since invoking either the Arbitration Act or the Labor Management Relations Act, the court determined that the matter involved was not a proper subject of arbitration.

The above decision at pages 927 and 929–930 in unmistakable language holds that the district court " * * * must necessarily first determine * * * " whether or not the procedures invoked present a question which is subject to arbitration under the terms of the contract agreement. The lower court in the same case (D.C., 157 F.Supp. 270) arrived at its decision upon the basis of existence of an arbitrable dispute rather than upon procedural-jurisdictional grounds. Our own Circuit Court of Appeals in Engineers Ass'n v. Sperry Gyroscope Co., 2 Cir., 251 F.2d 133, although holding that any procedural defects were waived, seems also to make a similar holding at page 137. See also Wilson Bros. v. Textile Workers Union, D.C., 132 F.Supp. 163, at page 166; Local 205, etc. v. General Electric Co., 1 Cir., 233 F.2d 85, at page 101, and Food Handlers Local 425, etc. v. Pluss Poultry, D.C., 158 F.Supp. 650, at page 657.

To review reported decisions wherein the contract was interpreted as permitting or denying the arbitration of a particular dispute would serve no useful purpose. Each dispute must be evaluated in accordance with the particular provisions of the contract involved. Within the four corners of the particular contract must be found the scope of arbitrable disputes and evidence of the intention of the parties to submit the question of such extent to either the arbitrator or the court in the first instance. This approach may be considered as positive as distinguished from a negative approach which seems to have been adopted by Judge Wyzanski in In re Jacobson, D.C., 161 F.Supp. 222.

All of the above leads to the conclusion that the court should first determine its own jurisdiction based upon a showing that the dispute set forth in the petition is subject to arbitration as a matter of law. We turn then to the factual allegations and the underlying provisions of the collective bargaining agreement.

It is sufficient to say that the petition and annexed papers show that an employee of the respondent was discharged about June 1953 " * * * as a poor security risk" or as "an undesirable employee". The grievance procedure provided in the agreement was invoked by the employee or his representative without result. This proceeding followed.

The contract provides in general that any grievance which involves the interpretation or application of the terms thereof shall be submitted to arbitration after being processed according to the procedure provided therein. There is no provision therein which limits the power of the employer to discharge an employee for any reason unless the employer, by such discharge, discriminates against him because of union membership. No such claim is made here. Neither does the contract in any way indicate an intention to submit the question of arbitrability to the arbitrator. It follows

516

that the grievance alleged in the petition is not subject to arbitration. Food Handlers Local 425, etc. v. Pluss Poultry, supra; United Furniture Workers, etc. v. Little Rock Furn. Mfg. Co., D.C., 148 F. Supp. 129.

The decision is not intended in any manner to pass upon the procedural-jurisdictional question raised by the motion to dismiss. The lack of an arbitrable question is the sole basis for the conclusion that the application is denied and the motion to dismiss is granted, and it is

So ordered.