PHILADELPHIA DRESS JOINT BOARD
OF the I.L.G.W.U. and The International Ladies' Garment Workers' Union

v.

SIDELE FASHIONS, INC.

Civ. A. No. 27809.

United States District Court
E. D. Pennsylvania.

July 28, 1960.

98

Joseph B. Meranze, Philadelphia, Pa., and Albert K. Plone, Camden, N. J., for plaintiffs.

Geoffrey J. Cunniff, Philadelphia, Pa., for defendant.

VAN DUSEN, District Judge.

This suit was instituted by the Philadelphia Dress Joint Board of the I. L. G. W. U. and The International Ladies' Garment Workers' Union against Sidele Fashions, Inc., to compel arbitration of a number of alleged disputes between the parties pursuant to Article 39 of a collective bargaining agreement between the parties (Exhibits A–D to Complaint). The defendant filed an Answer raising several defenses and the plaintiffs moved for judgment on the plead-

ings. The parties filed affidavits pertaining to the matter at the suggestion of the court. Consequently, the motion will be treated as one for summary judgment. See F.R.Civ.P. 12(c), 28 U.S.C.A. The court is of the opinion that there is no genuine issue as to any *material* fact and that the plaintiffs are entitled to a judgment as a matter of law.[1]

Section 3 of Article 39 of the collective bargaining agreement in question provides:

"Section 3. Should the representatives of the Union and the Association fail to resolve any dispute, then all complaints, disputes or grievances arising between the parties hereto involving questions of interpretation or application of any clause of this agreement, or the relations between the parties and their respective members, shall be submitted to the Impartial Chairman, and his decision shall be binding upon the parties hereto.

"Each case shall be considered on its merits and this agreement shall constitute the basis upon which the decision shall be rendered."

The Supreme Court has recently stated that:

"The function of the court is very limited when the parties have agreed to submit all questions of contract interpretation to the arbitrator. It is then confined to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract. Whether the moving party is right or wrong is a question of contract interpretation for the arbitrator. In these circumstances the moving party should not be deprived of the arbitrator's judgment, when it was his judgment and all that it connotes that was bargained for.

---

1. The defendant does not, and cannot, dispute the jurisdiction of the court with respect to this matter, which is based on § 301(a) of the Labor Management Relations Act, 1947 (29 U.S.C.A. § 185 (a)). See Textile Workers Union of America v. Lincoln Mills, 1957, 353 U.S. 448, 77 S.Ct. 912, 923, 1 L.Ed.2d 972.

"The courts therefore have no business weighing the merits of the grievance, considering whether there is equity in a particular claim, or determining whether there is particular language in the written instrument which will support the claim. The agreement is to submit all grievances to arbitration, not merely those the court will deem meritorious. The processing of even frivolous claims may have therapeutic values which those who are not a part of the plant environment may be quite unaware.

"The union claimed in this case that the company had violated a specific provision of the contract. The company took the position that it had not violated that clause. There was, therefore, a dispute between the parties as to 'the meaning, interpretation and application' of the collective bargaining agreement. Arbitration should have been ordered." [2]

The facts recited in the last paragraph quoted above describe the situation in the case at bar.[3]

 The defendant claims that the Impartial Chairman, though validly appointed, is not impartial. Accepting the allegation as true, it is not material. The defendant is bound by the selection made in accordance with the agreement it entered into. Sidele also asserts that certain provisions of the agreement, other than the arbitration provision, are illegal and that, therefore, the whole contract is unenforceable. This ignores the Conformity to Law-Saving Clause in the agreement (Article 42). See, also, Watkins v. Hudson Coal Co., 3 Cir., 1945, 151 F.2d 311, and Robert Lawrence Company v. Devonshire Fabrics, Inc., 2 Cir.,

1959, 271 F.2d 402.[4] As to defendant's contention that the National Labor Relations Board has exclusive jurisdiction over this matter, see Independent Petroleum Workers of N. J. v. Esso Standard Oil Co., 3 Cir., 1956, 235 F.2d 401, 405. Sidele's objection that the claims are too vague may have some validity if addressed to the arbitrator, but they are sufficiently definite to enable the court to discharge its limited function, as outlined by the Supreme Court in United Steelworkers of America v. American Mfg. Co., supra, in view of the language in the arbitration provision.

The defendant makes one argument which merits a fuller discussion than the others. It asserts that the union is not entitled to enforcement of the arbitration provision at this time because it has not processed the claims in question through the three-step grievance procedure set up in Article 39 of the collective bargaining agreement but has ignored two of the steps and taken them directly to the arbitrator. The plaintiffs admit this but assert that Sidele's resignation from the Philadelphia Waist & Dress Manufacturers Association made compliance impossible and, furthermore, defendant's attitude indicated that, even if possible, such steps would have been futile. The agreement does not require the parties to do an impossible or useless act. Therefore, the plaintiffs conclude, noncompliance is excused and they are entitled to immediate arbitration.

██ The plaintiffs' position depends, in part, upon facts which the affidavits indicate are in dispute. Therefore, their motion for summary judgment would have to be denied if this is material to the court's decision in this matter. The plaintiffs assert, however, that this involves a question of the interpretation

2. United Steelworkers of America v. American Mfg. Co., 1960, 80 S.Ct. 1343, 1363.

3. The court has also disposed of the defendant's defense that the claims were frivolous and only made to harass it. The facts defendant has offered to prove in this regard are, therefore, immaterial.

4. One of the plaintiffs' claims involves an alleged violation of one of the provisions which the defendant asserts is illegal. The proper time for the court to consider this is in a suit to enforce the arbitrator's award, if such a proceeding becomes necessary.

and application of several clauses of the arbitration agreement which the parties have agreed to submit to arbitration and that, consequently, it is not for the court to decide. There is ample lower court authority supporting the plaintiffs' contention. See. e. g., United Cement, Lime and Gypsum Workers' Intern. Union, etc. v. Allentown-Portland Cement Co., D.C. E.D.Pa.1958, 163 F.Supp. 816; Insurance Agents' Intern. Union, A. F. of L. v. Prudential Ins. Co., D.C.E.D.Pa.1954, 122 F.Supp. 869. Some of the language used by the Supreme Court in its recent decisions in United Steelworkers of America v. American Mfg. Co., supra, and United Steelworkers of America v. Warrior & Gulf Navigation Co., 1960, 80 S.Ct. 1347, 1363, is broad enough to cast some doubt on this matter, however.

The Supreme Court stated that the standard arbitration clause providing for arbitration of disputes involving the interpretation and application of the collective bargaining agreement does not give the arbitrator jurisdiction over questions concerning the meaning of the arbitration provision in that agreement. In United Steelworkers of America v. Warrior & Gulf Co., supra, the court said:

> "It is clear that under both the agreement in this case and that involved in American Manufacturing Co., [80 S.Ct. 1343] the question of arbitrability is for the courts to decide. Cf. Cox, Reflections Upon Labor Arbitration, 72 Harv.L.Rev. 1482, 1508-1509. Where the assertion by the claimant is that the parties excluded from court determination not merely the decision of the merits of the grievance but also the question of its arbitrability, vesting power to make both decisions in the arbitrator, the claimant must bear the burden of a clear demonstration

of that purpose." 80 S.Ct. 1353 footnote 7.[5]

It can be argued that whether a party has or must exhaust the preliminary steps in the grievance procedure before seeking arbitration is also a question of arbitrability which this particular arbitration provision leaves to the courts. But it is noted that the grievance procedure concerns the everyday relationships of management and labor and is part of the contract which would benefit from interpretation by the arbitrator, who has specialized knowledge in the field. Also, although the Supreme Court does not state its reasons for holding that the standard arbitration clause does not cover the interpretation of that clause itself, the rationale given in the law review article it cites[6] involves considerations which would not apply to the grievance procedure provisions. Indeed, the author of that article goes on to examine this question and concludes, a few pages after those referred to by the court, at page 1511:

> "Using the technical language of the law, I suggest that the conventional arbitration clause limiting the arbitrator to disputes concerning 'interpretation and application' of the contract reserves the right to a judicial determination upon whether the arbitrator has jurisdiction over the subject matter but that all other questions—procedural, jurisdictional or substantive—are solely within the power of the arbitrator to determine."

Professor Cox's reasoning is both sound and persuasive.

■ For the reasons stated above, the court concludes that Article 39 of the collective bargaining agreement between the parties to this suit provides that the question of the necessity of exhausting the prior steps in the grievance proce-

5. It could be argued that the arbitration provision in the case at bar is broader than those in American and Warrior but, in view of this court's decision, it is unnecessary to resolve this question.

6. See quotation at page 100, of 187 F. Supp., supra.

dure before seeking arbitration is to be decided by the arbitrator and not the court. The facts the defendant alleges are in dispute are, therefore, immaterial to the court's decision.